UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

EDNA B. BRIGHT,  )
 )
       Plaintiff,  )
 )  4:15-cv-61-HSM-SKL
v.  )
 )
THE BOARD OF EQUALIZATION, *et al.*,  )
 )
       Defendants.  )

## REPORT AND RECOMMENDATION

Before the Court is the application to proceed *in forma pauperis* [Doc. 2] filed by *pro se* Plaintiff Edna B. Bright ("Plaintiff"). The Court granted Plaintiff an additional 30 days to amend her complaint to state a claim upon which relief can be granted and to submit a new IFP application [Doc. 3]. On December 16, 2015, Plaintiff filed what appears to be a supplement to her complaint [Doc. 7] but did not file a new IFP application. This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b), 28 U.S.C. § 1915, and the rules of this Court. I do not reach the question of whether Plaintiff is indigent, however, because I recommend this action be dismissed for the reasons explained below.[1]

Plaintiff has filed a complaint pursuant in part to 42 U.S.C. § 1983, 28 U.S.C § 1361,[2] and

---

[1] Plaintiff has also filed a motion to ask a question about bankruptcy filings [Doc. 6], a motion for a court order requiring the Board of Professional Responsibility to take action against certain attorneys [Doc. 8], and a motion to vacate an October 22, 2012 judgment in case no 13520 in the Chancery Court of Lincoln County, Tennessee [Doc. 9]. As I am recommending that this action be dismissed for failure to state a claim upon which relief can be granted due to the Court's lack of jurisdiction, these three pending motions are moot.

[2] 28 U.S.C. § 1361 (also called the "Mandamus Act") provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of

Tenn. Code Ann. § 67-5-503[3] against Defendants, Board of Equalization and Assessor Paul Braden (collectively "Defendants"), seeking a new property tax assessment of Plaintiff's property and correction of past over payments, an injunction against all unconstitutional tax collections as to her property, and an award of $6 million in damages [Doc. 1 at Page ID # 3]. Plaintiff asks the Court "to review the decision and the written ruling made by the local Board of Equalization of Lincoln County, Fayetteville [sic] Tennessee, that deny a taxpayer a fair assessment of real estate property after improvements was [sic] made in 2009" [Doc. 1-1 at Page ID # 13]. A copy of the June 13, 2014 determination of the Lincoln County Board of Equalization is attached to the complaint [Doc. 1 at Page ID # 4]. Based on Plaintiff's allegations, it appears that Plaintiff has appealed and sought remedies through Tennessee state court for the matters raised in the current complaint [Doc. 1-1 at Page ID # 14-15]. Plaintiff's supplement to her complaint [Doc. 7] in essence reiterates the allegations and grievances raised in her original complaint, along with allegations that the county property assessor has violated Tenn. Code Ann. § 67-5-305, which does not provide a private cause of action for aggrieved taxpayers or citizens.[4]

---

the United States or any agency thereof to perform a duty owed to the plaintiff." Since this matter involves a state property tax assessment and does not involve federal officers, employees, or agencies, 28 U.S.C. § 1361 is not applicable to this matter.

[3] Section 67-5-503 of Tennessee Code Annotated provides that property is classified into three categories for purposes of taxation – real property, tangible personal property, and intangible personal property – and that the ratio of assessment to property value in each class shall be uniform throughout the state and each taxing authority shall apply the same tax rate to all property within its jurisdiction.

[4] Section 67-5-305 of Tennessee Code Annotated sets forth the procedure for adjudicating whether the assessor of property or deputy assessor has "willfully fail[ed], refuse[d] or neglect[ed] to perform, obey and observe the duties or requirements of this chapter." The state director of property assessments has the burden of proof. *See* Tenn. Code Ann. § 67-1-201 & § 67-5-305(d)(4).

2

A litigant may commence a civil action in federal court without paying the administrative costs of the lawsuit when the litigant shows by affidavit that she is unable to pay court costs and fees. 28 U.S.C. § 1915(a). A district court may, however, dismiss a complaint as to which an *in forma pauperis* application has been filed if the complaint is frivolous or if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *see Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A district court also has the authority to dismiss a complaint on its own initiative for lack of subject matter jurisdiction. *West v. Adecco Emp't Agency*, 124 F. App'x 991, 992 (6th Cir. 2005).

The pleadings of *pro se* litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Tax Injunction Act, 28 U.S.C. § 1341 ("Act"), provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Act prohibits district courts from issuing a declaratory judgment or an injunction. *California v. Grace Brethren Church*, 457 U.S. 393, 411 (1982). The purpose of the Act is "to limit drastically federal interference in the administration of state taxes when a plain, speedy and efficient state remedy is available." *Id.* at 419 (internal quotation marks omitted); *Tully v.*

3

*Griffin, Inc.*, 429 U.S. 68, 73 (1976) ("A federal district court is under an equitable duty to refrain from interfering with a State's collection of its revenue except in cases where an asserted federal right might otherwise be lost."); *King v. Sloane*, 545 F.2d 7 (6th Cir. 1976) ("The federal courts will not entertain actions for relief from State or local taxes unless federal rights are protected in no other way."). "[A] district court does not have jurisdiction over state and local tax matters where a 'plain, speedy and efficient remedy' is available in state court." *Colonial Pipeline Co. v. Morgan*, 474 F.3d 211, 218 (6th Cir. 2007) (quoting 28 U.S.C. § 1341). Additionally, the Supreme Court has held that taxpayers are barred from asserting §1983 actions against the validity of state tax systems in federal court, unless there is no plain, adequate and complete state remedy. *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 116 (1981) (rendering determination on the principle of comity rather than the Act).

"A state remedy is plain, speedy and efficient if it provides the aggrieved party with a 'full hearing and judicial determination at which [a taxpayer] may raise any and all constitutional objections to the tax,' with ultimate review available in the United States Supreme Court." *Colonial Pipeline*, 474 F.3d at 218 (quoting *Rosewell v. LaSalle Nat. Bank*, 450 U.S. 503, 514 (1981)). "State procedures that call for an appeal to a state court from an administrative decision meet these minimal criteria." *Id.* (quoting *Northwest Airlines, Inc. v. Tenn. State Bd. of Equalization*, 11 F.3d 70, 72 (6th Cir. 1993)). Claims of substantive inadequacy of the state court remedy will not provide the basis for district court jurisdiction. *Northwest Airlines*, 11 F.3d at 73; *see also Huber Pontiac, Inc. v. Whitler*, 585 F.2d 817, 821 (7th Cir. 1978) (futility of state court proceedings does not render remedy inadequate, even if plaintiff is faced with recent, dispositive state court opinion contrary to its position).

Tennessee law provides that an aggrieved taxpayer may appeal the actions of the county or local board of equalization to the state board of equalization and that the final decisions of the state board of equalization are subject to judicial review in the state courts and ultimately the United States Supreme Court. *See* Tenn. Code Ann. §§ 67-5-1412 & -1511. Tennessee's procedures for appealing property tax assessments provide aggrieved taxpayers with a plain, speedy and efficient state remedy. Nothing in this procedural scheme prevents the taxpayer from raising constitutional objections to the tax in state court. *See, e.g., Grace Brethren Church*, 457 U.S. at 414 (explaining sufficiency of tax scheme allowing appeal of tax decision to state agency, appeal to state trial court, appeal to higher state courts and ultimately seek review in the U.S. Supreme Court).

Plaintiff in essence is seeking a declaratory judgment that the local and state tax assessing authorities have improperly assessed her property and an order for a new assessment, an injunction against the local taxing authority from collecting property taxes against Plaintiff, a refund of alleged over payments, and an award of damages of $6 million dollars. Because Tennessee has a plain, adequate, and complete state remedy for Plaintiff even if the results are contrary to Plaintiff's position and belief, the Act applies and operates to deprive the district court of jurisdiction to hear Plaintiff's challenges to the state tax system. I therefore **CONCLUDE** that pursuant to 28 U.S.C. § 1341 the Court does not have jurisdiction over this matter, and I do not reach the merits of her pauper's application.

Additionally, to the extent Plaintiff is contesting the validity of the property tax assessment or the actions of the Tennessee state court, the *Rooker-Feldman* doctrine would bar Plaintiff's claim, because Plaintiff's alleged injuries were caused by the property tax assessment and any

5

subsequent order issued by the state court. "The *Rooker-Feldman* doctrine bars lower federal courts from conducting appellate review of final state-court judgments because 28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court." *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)). This doctrine "applies only where a state-court loser initiates an action in federal district court, complaining of injury caused by a state court judgment, and seeks review and rejection of that judgment." *Id.* at 298-99. Thus, to the extent that Plaintiff is asserting claims regarding the Tennessee state court's actions or decisions regarding the validity of the property tax assessment for Plaintiff's property, such claims would be barred by the *Rooker-Feldman* doctrine and should be dismissed.

Accordingly, I **RECOMMEND** that this action be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted due to this Court's lack of jurisdiction.[5]

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[5] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).